LOUISA C. WRIGHT, Respondent, v. JOSEPH S. FULLER-
TON, Appellant.

St. Louis Court of Appeals, January 15, 1895.

1. **Contracts:** LIABILITY FOR NONPERFORMANCE. When a contract is unconditonal and its performance is possible, no interposing obstacle will relieve the obligor from the performance of it.

2. ————: ————. Both the defendant and the plaintiff owned premises abutting on a public alley, and the former contracted with the latter to construct at his own expense in this alley a sewer for the use of both premises. The municipal authorities refused to permit this to be done, but caused a public sewer to be laid in the alley and its cost to be assessed against all the abutting property, whereupon the plaintiff paid her assessment, which was reasonable in amount. *Held*, under the foregoing rule, that she could recover the amount of such payment as damages for the breach of the contract.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

AFFIRMED.

*Henry M. Post* for appellant.

*Lubke & Muench* for respondent.

BIGGS, J.—In 1890 the defendant was the owner of a tract of land in the city of St. Louis, which is bounded on the east by Boyle avenue and on the west by Taylor avenue. The plaintiff was the owner of several lots fronting on Olive street, and extending back one hundred and sixty-two feet to the north line of defendant's land. The property at that time was entirely unimproved. The defendant, being desirous of improving his proverty, sought to have an alley opened along the north line of his land. He proposed to give one half of the land necessary for the alley, and he applied

to the several adjoining proprietors to dedicate the other half. The plaintiff refused to do this. The negotiations between plaintiff and defendant were conducted between Joseph P. Wright, a son of plaintiff, and H. M. Thompson, an agent of the defendant. The agent represented that, if the plaintiff would join in the dedication, the defendant would grade the alley and put in a sewer at his own expense. Wright declined to act on the representations of the agent, and addressed a letter to the defendant on the subject. He received the following reply from the defendant:

"ST. LOUIS, March 20th, 1890.

"*Mr. Joseph P. Wright, City.*

"DEAR SIR:—Your letter of this date received. As soon as practicable after the alley bet. Olive and proposed Westminster Place, and bet. Boyle and Taylor, has been dedicated by the owners of the land, I propose under the direction of the Board of Public Improvements to grade said alley and put in the sewer at my own cost. If the ground on said alley owned by your mother be dedicated now, she will be charged nothing for the grading of said alley or the use of the sewer."

(Signed)                    "J. S. FULLERTON."

On the receipt of this letter the plaintiff dedicated seven and one half feet of ground off the south ends of her lots, and the alley was opened. The defendant failed to construct a sewer. Afterwards under proper ordinances the city council established a sewer district in that section of the city, and also provided for the construction of a public sewer along the alley. As a part of the cost of the sewer the city authorities assessed against the plaintiff's lots the sum of $1127.72, for which special tax bills were issued, and which the plaintiff was subsequently compelled to pay. The

present action is for the breach of the aforesaid contract of the defendant, and the damage claimed is the amount which the plaintiff was compelled to pay for the public sewer. The answer is a general denial.

In addition to the facts above stated, which are conceded, the defendant testified that previous to the date of his letter he had one or two interviews with Joseph P. Wright concerning the dedication of the land by his mother, and that he stated to Wright that his proposition was to put in a private sewer; that he stated the kind of sewer that he proposed to put in, and that it was much smaller than the one the city afterwards constructed; and that, after making the agreement, he applied to the Board of Public Improvements for permission to put in the sewer, which was refused. Wright denied that he had any such interview or conversation with the defendant.

The cause was submitted to the court without a jury. The judgment was for the plaintiff for the amount of the special tax bills, with the interest added. The defendant has appealed.

At the request of the plaintiff the court gave the following instruction:

"The defendant has admitted in open court the allegation of plaintiff's petition that thereafter the municipal assembly of said city of St. Louis did, by ordinance, authorize the Board of Public Improvements of said city to cause a sewer to be constructed in said alley, and to assess the cost thereof against the adjoining property, under the charter of said city; that said board under ordinances numbered 15666, 15722 and 16632 of said assembly did, by contract number 2764, let out to Claus Veiths the work of constructing said sewer, and that said Veiths did construct the same, and thereafter said board did assess against the lot of plaintiff first above described as its part of the cost of said

sewer the sum of $276.36, and did issue to said Vieths and against plaintiff and said lot a special tax bill numbered 762 for said amount, and said board did assess against said lot secondly above described as its part of said cost $59.76, and did issue to said Vieths and against plaintiff and said lot special tax bill number 761 for said amount, and did assess against plaintiff's lot lastly above described the sum of $791.60 as its part of said cost, and did issue to said Vieths and against plaintiff and said lot special tax bill number 721 for said sum last named; that said bills all bore date June 17, 1892, and plaintiff was compelled to, and did, pay the same to said Claus Vieths, September 9, 1892, the aggregate of said payments being $1127.72. That the defendant has also admitted in open court that, on March 20, 1890, he wrote and sent to Joseph P. Wright the letter set out in said petition and which was read upon the trial of this cause; and that by stipulation signed by the attorneys in this case, and also read at the trial, the defendant has also admitted that plaintiff, on March 26, 1890, by the plat mentioned in said stipulation, dedicated to public use for an alley seven and one half feet in width off the southern end of her lots fronting on Olive street. Now, if, from the evidence in the case, the court believes, and finds, that on or before March 20, 1890, Joseph P. Wright was acting as the agent of plaintiff by her authority; that plaintiff declined to dedicate her said property until the defendant had made to her agent the written proposition contained in defendant's said letter of date March 20, 1890; that she made said dedication solely because of said letter and of defendant's promises therein contained, and that thereafter the defendant did not, under directions of the Board of Public Improvements and at his own cost, put in a sewer in said alley, then plaintiff is entitled to a verdict and judgment for said sum of $1127.72."

The defendant insisted on the trial that the contract was ambiguous, in that it did not specify the *kind* of sewer, and that extraneous evidence was. admissible to show that the defendant undertook to construct a *private* sewer. The court permitted him to give testimony to that effect. The complaint seems to be that the foregoing instruction ignored that view of the evidence. Conceding this, wherein has the defendant been prejudiced? According to his statement he agreed to construct a private sewer. He admits that he failed to do it, and he alleges as an excuse that the Board of Public Improvements of the city refused to give him permission. His undertaking to construct the sewer was unconditional; hence the refusal of the city authorities to give him permission to build the sewer on his private account in nowise absolved him from his undertaking. Where a contract is unconditional and performance is possible, nothing can relieve the obligor. He must either perform the contract, or answer in damages for its nonperformance. *Tompkins v. Dudley*, 25 N. Y. 272; *Stottlemeyer v. Bobb*, 7 Mo. App. 578; *Shouse v. Neiswaanger*, 18 Mo. App. 236. The considerations which moved the plaintiff to accept the defendant's proposition are easily understood. Her property was situated in one of the outlying districts of the city. The defendant's scheme was to improve his property and put it on the market. If carried out, this would very likely result in a public necessity for sewerage in the neighborhood, which would have to be constructed either by the property owners, or by the city at their expense. The proposition of the defendant to the plaintiff was that he would relieve her of this tax or burden, if she would join in the dedication for the alley. The fair and reasonable purport of the agreement was that he would construct a sewer that would be serviceable or sufficient for all practical purposes. The city

authorities having refused to allow the defendant to construct such a sewer at his private expense, but insisted (as they had a right to do) on having the work done in the usual way, it was the duty of the plaintiff to pay the costs of the public sewer which was assessed against the plaintiff's property, it being conceded that the sewer as constructed was necessary, and that the amount of the costs which was assessed against the plaintiff's property was fair and reasonable. Therefore, the defendant, under any view of the evidence, is practically without a defense to the action, and as the amount, which it is conceded the plaintiff paid, is the true measure of damages in this case, the court committed no error in giving the instruction.

Finding no error in the record, the judgment of the circuit court will be affirmed. All concur.